Filed 11/14/22 P. v. Gonzalez CA5
Opinion following transfer from Supreme Court

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JOSE GONZALEZ,<br><br>    Defendant and Appellant. | F081139<br><br>(Super. Ct. No. VCF037619D-96)<br><br><br>**OPINION** |

## THE COURT[*]

APPEAL from an order of the Superior Court of Tulare County. Gary L. Paden, Judge.

Rebecca P. Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Christina Hitomi Simpson, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Hill, P. J., Detjen, J. and Franson, J.

## INTRODUCTION

In 1996, a jury convicted petitioner Jose Gonzalez of first degree murder (Pen. Code,[1] § 187, subd. (a), count 1).[2]  As to count 1, the jury found true the special circumstance that petitioner committed the murder while engaged in the commission or attempted commission of a robbery (§ 190.2, subd. (a)(17)).  The trial court sentenced petitioner on count 1 to a term of life without the possibility of parole.

In 2019, petitioner filed a petition for resentencing pursuant to section 1172.6 (former § 1170.95).[3]  The trial court summarily denied the petition.

On appeal, petitioner contended the special circumstance finding should not preclude him from resentencing relief because his conviction predates our Supreme Court's decision in *Banks/Clark*,[4] which clarified the meaning of "major participant" and "reckless indifference to human life."[5]  We affirmed the trial court's denial of resentencing.  (*People v. Gonzalez* (June 20, 2022, F082567 [nonpub. opn.].)

---

**1**    All further statutory references are to the Penal Code, unless otherwise specified.

**2**    Petitioner was convicted of additional offenses and enhancements, as described below.

**3**    Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.)  We will refer to the current section 1172.6 in this opinion.

**4**    *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*); *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*).

**5**    Petitioner also asserted the trial court erred to the extent it determined his petition was facially insufficient, made its own factual findings to determine he was a major participant who acted with reckless indifference to human life, and relied on the appellate opinion from his codefendant's appeal to support its finding.  He also asserted he was entitled to reversal "without a showing of prejudice, or unless the court's errors were harmless beyond a reasonable doubt." (*People v. Gonzalez* (June 20, 2022, F082567 [nonpub. opn.], p. 9, fn.7.)  Because we conclude petitioner established a prima facie case for relief under section 1172.6, we do not address these arguments in this opinion.

Our Supreme Court held subsequently held that a pre-*Banks*/*Clark* special circumstance finding does not render a section 1172.6 petitioner ineligible for relief as a matter of law. (*People v. Strong* (2022) 13 Cal.5th 698 (*Strong*).) We, therefore, vacate our opinion, reconsider the matter in light of *Strong*, reverse the trial court's order, and remand the matter for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

We include a brief summary of the facts underlying this case taken from petitioner's codefendant's direct appeal.[6]

> "Prosecution evidence showed that [Saleh Bin] Hassan was killed on December 29, 1994, while working at [a] Market, which he and his wife owned in Farmersville, near Visalia. He had been shot twice, including once in the back. His dead body was lying prone behind the counter. Nothing was missing from the cash register. However, Hassan's wallet and handgun were gone. [George Lopez Contreras] was implicated in the crime along with three other men: [petitioner], Santos Acevedo Pasillas …, and Louis Phillip Fernandez, Jr. …. [Contreras] carried a shotgun into Hassan's store, and was identified as the actual killer. At the outset, criminal charges were jointly filed against all four men." (*People v. Contreras* (2013) 58 Cal.4th 123, 128–129.)

On October 17, 1996, a jury convicted petitioner of first degree murder (§ 189, subd. (a), count 1) and robbery (§ 211, count 2). As to the murder offense, the jury found true a robbery special circumstance (§ 190.2, subd. (a)(17)). As to both counts, the jury found not true a firearm enhancement (§ 12022.5, subd. (a)). On November 19, 1996, the trial court sentenced petitioner on count 2 to the aggravated term of five years. As to

---

[6]     We provide this summary of the facts from the codefendant's direct appeal because it was incorporated into the People's briefing in the trial court and petitioner argues it may have been considered in the trial court's ruling. However, we do not rely on these facts in resolving the issues presented in this appeal. (*People v. Flores* (2022) 76 Cal.App.5th 974, 988 [appellate opinion from codefendant's appeal is not part of the record of conviction that may be considered in determining whether a petitioner has stated a prima facie case]; § 1172.6, subd. (d)(3).) Furthermore, to the extent the trial court relied on these facts, it erred. (*Flores*, at p. 988.) As we explain below, however, any such error was harmless.

count 1, the trial court sentenced petitioner to a concurrent term of life without the possibility of parole.[7]  Petitioner did not appeal.

In 1998, petitioner filed a petition for writ of habeas corpus in this court alleging ineffective assistance of counsel because his trial counsel failed to file a notice of appeal. (*In re Jose Gonzalez on Habeas Corpus* (Feb. 27, 1998, F030146 [nonpub. order]).)  This court denied the petition because petitioner failed to explain the approximate one-year delay in seeking relief.  (*Gonzalez*, F030146.)

On March 21, 2019, petitioner, in propria persona, filed a petition for resentencing on his murder conviction pursuant to section 1172.6.  In the form petition, petitioner stated a complaint, information, or indictment was filed against him that allowed him to be prosecuted under a theory of felony-murder or murder under the natural and probable consequences doctrine; he was convicted of first or second degree murder at trial; and he could not now be convicted of first or second degree murder because of changes made to sections 188 and 189, effective January 1, 2019.  Petitioner also requested the court appoint counsel during the resentencing process.  Petitioner further stated he was not the actual killer; he did not, with the intent to kill, aid, abet, counsel, command, induce, solicit, request, or assist the actual killer in the commission of murder in the first degree; or that he was not a major participant in the felony or did not act with reckless indifference to human life during the course of the crime or felony.  Petitioner further stated the murder victim was not a peace officer acting in the performance of his or her duties.  Petitioner further stated he was convicted of second degree murder under the natural and probable consequences doctrine or under the second degree felony-murder doctrine and he could not now be convicted of murder because of changes to section 188, effective January 1, 2019.  Lastly, petitioner stated there had been a prior determination

---

**7**     The minute order states the term of life without the possibility of parole was "to run concurrent to [c]ount 2 pursuant to [section] 654."

4.

by a court or jury that he was not a major participant and/or did not act with reckless indifference to human life under section 190.2, subdivision (d) and therefore is entitled to section 1172.6 resentencing.

On April 4, 2019, the People filed a motion to dismiss the petition, arguing that Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437) was unconstitutional and that petitioner was ineligible for resentencing because the jury found true the special circumstance, which established petitioner was a major participant in the robbery who acted with reckless indifference to human life. On April 8, 2019, the trial court appointed the public defender's office to represent petitioner. Petitioner's counsel did not file a reply.

On both January 15 and March 16, 2020, the parties appeared at a hearing and the matter was continued.[8] On March 17, 2020, the People sent an email to defense counsel, with a copy to the assigned judge, regarding cases on the previous day's calendar, "[a]s [the assigned judge] instructed." Therein, the People stated:

> "Based on the record of conviction including the associated appellate opinions, the following cases fail to state a prima facie case for relief under [Senate Bill] 1437. Please note that where the special circumstance murder allegations were found true, that defendant would be ineligible as a matter of law because the jury has found him/her to have been a major participant who acted with reckless disregard for human life."

With specific regard to petitioner, the People stated:

> "The jury found the special circumstance to be true. [Petitioner] was found to have been a major participant with reckless disregard. As such, he cannot establish that had the changes to [section] 188 and [section] 189 been in place, he could not have been convicted of murder."

---

[8] We previously denied petitioner's "APPLICATION TO CORRECT THE RECORD ON APPEAL," filed on May 18, 2022, without prejudice to filing it in the superior court. The application was denied because the matter sought to be corrected was irrelevant to this appeal.

The trial court responded to the email, noting that the matters referred to by the People were set for April 17, 2020, and asking defense counsel to advise the court prior to that date whether he agreed or disagreed with the People's position. The record does not contain an email response from defense counsel.

The matter was heard on April 17, 2020, and the trial court stated:

> "As to [another of the petitioners referred to in the prosecutor's email], his request is denied for resentencing. The [c]ourt finds he is not eligible for the relief requested. The same is true—the [c]ourt makes the same finding as to [petitioner]. Seeing the DA's response, he is not eligible."

The court's minute order states only, "[Petitioner] not eligible."

A timely appeal followed. In a nonpublished opinion, we affirmed the trial court's denial of resentencing. (*People v. Gonzalez* (June 30, 2022, F081139) [nonpub. opn.].)

On August 9, 2022, petitioner filed a petition for review asking the court to transfer this case for reconsideration in light of our Supreme Court's opinion in *Strong*. On September 28, 2022, our Supreme Court granted his petition for review and transferred the matter back to this court with instructions to vacate our June 30, 2022, opinion and reconsider in light of *Strong*. Based on *Strong*, we issued an order that it was the "intention of the court to reverse and remand this matter [to the trial court] with directions to issue an order to show cause[,]" but provided either party 15 days to serve and file an objection. On October 10, 2022, this court received a letter from the Attorney General's office indicating they "ha[d] no objections to the court's intended resolution." Accordingly, in light of *Strong* and the People's concession, the trial court's order denying the section 1172.6 petition is reversed and the matter remanded for further proceedings.

## DISCUSSION

### I.    Applicable Law

Effective January 1, 2019, the Legislature passed Senate Bill 1437 "to amend the felony murder rule and the natural and probable consequences doctrine … to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).)  The bill accomplished this task by adding three separate provisions to the Penal Code. (*People v. Gentile* (2020) 10 Cal.5th 830, 842 (*Gentile*).)  First, to amend the natural and probable consequences doctrine, the bill added section 188, subdivision (a)(3), which requires a principal to act with malice aforethought before he or she may be convicted of murder. (§ 188, subd. (a)(3); accord, *Gentile*, at pp. 842–843.)  Second, to amend the felony-murder rule, the bill added section 189, subdivision (e):

> "A participant in the perpetration or attempted perpetration of [qualifying felonies] in which a death occurs is liable for murder only if one of the following is proven:  [¶]  (1) The person was the actual killer.  [¶]  (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree.  [¶]  (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."[9]  (§ 189, subd. (e); accord, *Gentile*, *supra*, 10 Cal.5th at p. 842.)

Finally, the bill added section 1172.6 (former § 1170.95) to provide a procedure for those convicted of a qualifying offense "to seek relief under the two ameliorative provisions above." (*Gentile*, at p. 843.)  This procedure is available to persons convicted of "felony murder or murder under the natural and probable consequences doctrine or other theory

---

[9]    Additionally, section 189 was amended to allow for felony-murder liability where the victim is a peace officer. (§ 189, subd. (f); accord, *People v. Daniel* (2020) 57 Cal.App.5th 666, 672.)

under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter." (§ 1172.6, subd. (a).)

"Section [1172.6] lays out a process" for a person convicted of one of the aforementioned offenses "to seek vacatur of his or her conviction and resentencing." (*Gentile*, *supra*, 10 Cal.5th at p. 853.) First, an offender must file a petition in the sentencing court averring that:

> "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine[;]

> "(2) The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder[; and]

> "(3) The petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a)(1)–(3); see also § 1172.6, subd. (b)(1)(A); accord, *People v. Lewis* (2021) 11 Cal.5th 952, 959–960 (*Lewis*).)

Additionally, the petition shall state "[w]hether the petitioner requests the appointment of counsel." (§ 1172.6, subd. (b)(1)(C).)

If a petition fails to contain the required information and the information cannot be "readily ascertained" by the court, the petition may be denied without prejudice to the filing of another petition. (§ 1172.6, subd. (b)(2).) Otherwise, counsel must be appointed, if requested. (§ 1172.6, subd. (b)(3).) The prosecutor must file a response and the petitioner may file a reply. The trial court must then hold a hearing to determine if the petitioner has made a prima facie showing that he or she is entitled to relief. (§ 1172.6, subd. (c); accord, *Lewis*, *supra*, 11 Cal.5th at pp. 961–963, 967.) In making

8.

this determination, the court may rely on the record of conviction, which includes, but is not limited to, jury instructions and verdict forms. (*Lewis*, at pp. 970–971, 972.) However, the prima facie inquiry is limited and, at this stage of the proceedings, the court "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id.* at pp. 971–972.) "If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so." (§ 1172.6, subd. (c).)

On the other hand, if the court determines the petitioner has met his or her prima facie burden, "the trial court must issue an order to show cause and hold a hearing to determine whether to vacate the murder[, attempted murder, or manslaughter] conviction and to resentence the petitioner on any remaining counts." (*Gentile*, *supra*, 10 Cal.5th at p. 853; accord, § 1172.6, subds. (c), (d)(1).) At the hearing, the prosecution must "prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (§ 1172.6, subd. (d)(3).) The prosecutor and the petitioner may offer new or additional evidence to meet their respective burdens. The admission of evidence at the hearing is governed by the Evidence Code. However, the court also "may consider evidence previously admitted at any prior hearing or trial that is admissible under current law, including witness testimony, stipulated evidence, and matters judicially noticed," as well as the "procedural history of the case recited in any prior appellate opinion." (§ 1172.6, subd. (d)(3).) Hearsay evidence that was admitted in a preliminary hearing pursuant to subdivision (b) of section 872 is inadmissible at the evidentiary hearing, unless made admissible by another exception to the hearsay rule. (§ 1172.6, subd. (d)(3).)

## II. Analysis

Petitioner contends the special circumstance finding cannot establish his ineligibility for resentencing because *Banks/Clark* substantively changed the legal

meaning of both "major participant" and "reckless indifference to human life." Based on our Supreme Court's holding in *Strong*, we agree.[10]

Prior to *Strong*, the Courts of Appeal were split on the question of whether a special circumstance finding entered prior to *Banks* and *Clark* renders a petitioner ineligible for section 1172.6 resentencing relief as a matter of law. Our Supreme Court recently resolved this split and made clear that when, as here, a petitioner's case "was tried before both *Banks* and *Clark*, the special circumstance findings do not preclude him from making out a prima facie case for resentencing under section 1172.6." (*Strong, supra*, 13 Cal.5th at p. 721.) "This is true even if the trial evidence would have been sufficient to support the findings under *Banks* and *Clark*." (*Id*. at p. 710.) The *Strong* court noted the *Banks* and *Clark* cases "both substantially clarified the law governing findings under … section 190.2, subdivision (d)." (*Id*. at p. 706.) Further, the court articulated a pre-*Banks* and *Clark* special circumstance finding does not negate the showing a petitioner could not presently be convicted of murder or attempted murder because of changes to section 188 or 189 "because the finding alone does not establish that the petitioner is in a class of defendants who would still be viewed as liable for murder under the current understanding of the major participant and reckless indifference requirements." (*Strong*, at p. 718.)

Because of the differences between the pre-and post-*Banks* and *Clark* special circumstance requirements, our Supreme Court stated the changes may "have altered what evidence defense counsel would have sought to introduce[,] … might have

---

**10**    Petitioner further contends the trial court erred to the extent it (1) made its own factual findings to determine he was a major participant who acted with reckless indifference to human life, (2) relied on the appellate opinion from the codefendant's appeal to support such a finding, and (3) failed to provide a statement of reasons, which is required under section 1172.6, subdivision (c). Because we conclude petitioner established a prima facie case for relief under section 1172.6, we do not address these remaining arguments in this opinion.

fundamentally altered trial strategies" (*Strong*, *supra*, 13 Cal.5th at p. 719), and may have affected what jury instructions were requested or given (*id*. at p. 720.) "An after-the-fact court review of a pre-*Banks* and *Clark* record does not account for all these differences.… And as the Legislature has made explicit in a recent amendment to the predecessor to section 1172.6, a court determination that substantial evidence supports a homicide conviction is not a basis for denying resentencing after an evidentiary hearing. [Citation.] Nor, then, is it a basis for denying a petitioner the opportunity to have an evidentiary hearing in the first place." (*Ibid*.) "For petitioners with pre-*Banks/Clark* findings, no judge or jury has ever found the currently required degree of culpability for a first time. Allowing reexamination of the issue under these circumstances does not permit a 'second bite of the apple' because the changes in the law mean there is now 'a different apple.' " (*Id*. at p. 718.) Thus, neither "the jury's pre-*Banks* and *Clark* findings nor a court's later sufficiency of the evidence review amounts to the determination section 1172.6 requires, and neither set of findings supplies a basis to reject an otherwise adequate prima facie showing and deny issuance of an order to show cause." (*Id*. at p. 720.)

Here, the jury found true the section 190.2, subdivision (a)(17) special circumstance approximately 20 years before *Banks* and *Clark* were decided. Pursuant to *Strong*, these findings do not preclude petitioner from stating a prima facie case for relief. (*Strong*, *supra*, 13 Cal.5th at p. 721.)

Petitioner's section 1172.6 petition was facially sufficient and alleged the necessary facts required for relief under section 1172.6. Nothing in the record indicates petitioner is ineligible for relief as a matter of law, and thus, we accept the People's concession and remand the matter for the trial court to issue an order to show cause, and to the extent necessary, conduct an evidentiary hearing. (§ 1172.6, subds. (c), (d)(1) & (3).) We express no opinion on the ultimate resolution of the petition.

11.

**DISPOSITION**

The trial court's order denying petitioner's section 1172.6 petition is reversed. On remand, the trial court is directed to issue an order to show cause and, to the extent necessary, hold an evidentiary hearing pursuant to section 1172.6, subdivision (d).